**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-CR-60168-DAMIAN**

**UNITED STATES OF AMERICA**

**v.**

**DANIEL LOZANO,**

> **Defendant.**
> _____/

### UNOPPOSED MOTION FOR PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY INFORMATION

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above-captioned matter.

This sensitive information includes reports and records containing personal information, such as the names, addresses, and other personal identifying information of witnesses, victims, including minor victims, and other individuals. The government seeks protections that will not impede the defendant's ability to prepare for his defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials.

### INTRODUCTION AND RELIEF SOUGHT

On June 23, 2026, by way of an Information, the Defendant was charged with one count of coercion and enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of distribution of visual depictions involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1) (ECF No. 16). On June 26, 2026, the standing

discovery order was entered (ECF No. 20). The government is prepared to timely respond to the standing discovery order.

The discovery in this case involves the names, addresses, and other personal identifying information of witnesses, victims, and others. The discovery in this case includes but is not limited to numerous reports, electronic files, photographs, and cellphone extraction data. In an attempt to protect this sensitive information in the discovery materials, the government proposes the following restrictions on the disclosure and use of the discovery materials in this case:

1.   Counsel of record for the defendant shall hold the discovery materials in strict confidence, disclosing this information to his client, office staff, investigators, and witnesses (including any experts) only to the extent he believes is necessary to assist in the defense of this matter.

2.   Counsel of record for the defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3.   The defendant shall not maintain discovery materials at the Federal Detention Center or other jail facility without defense counsel present in order to prevent the purposeful or unintentional dissemination of discovery.

### **MEMORANDUM OF LAW**

A trial court "can and should, where appropriate, place a defendant and her counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can

demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g*, *United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the government only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's identification information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendant's ability to prepare his defense and would protect the personal identification information of third parties, including the victims.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215 (DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) "Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

The government's proposed order, or one materially similar thereto, has been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive identification

information disclosed in discovery. *See United States v. Rolando Oliva Cortina a/k/a "J.A.F.O.,"* Case No. 19-20195-CR-Altonaga (DE 11) (S.D. Fla. April 26, 2019); *United States v. Antonio Cordero a/k/a "Jose Antonio Gonzalez Cordero" a/k/a "F.A.,"* Case No. 19-20206-CR-Moreno (DE 12) (S.D. Fla. May 23, 2019); *United States v. Marcos Salazer, et al.*, Case No. 10-20182-CR-Jordan (DE 35) (S.D. Fla. Apr. 7, 2010); *United States v. Julio A. Llanessa*, Case No. 09-21027-CR-Huck (DE 84) (S.D. Fla. Jan. 27, 2010); *and United States v. Greta Medina, et al.*, Case No. 09-21028-CR-Lenard (DE 283) (S.D. Fla. May 5, 2010).

The undersigned Assistant United States Attorney has conferred with Counsel for the Defense, who has no objection to this Motion.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  *Corey R. O'Neal*
Corey R. O'Neal
Assistant United States Attorney
Florida Bar No 105315
500 East Broward Blvd., Suite 700
Fort Lauderdale, Florida
Tel: (305) 961-9406
Email: Corey.O'Neal@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver notices of electronic filing to all counsel of record.

*/s/ Corey R. O'Neal*
Corey R. O'Neal
Assistant United States Attorney

5