UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-CR-60168-DAMIAN

UNITED STATES OF AMERICA

v.

DANIEL LOZANO,

      Defendant.

_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16. In addition, pursuant to Federal Rule of Criminal Procedure 16.1, on July 9, 2026, the undersigned conferred via telephone and email with defense counsel of record about the timing and procedures for producing discovery, including the entry of a protective order.

A.    1.     Enclosed with discovery, please find copies and text/electronic conversations had by the defendant. Additionally, the government is in possession of a cellular phone and other electronic devices. Please contact the undersigned to arrange inspection of these items, as well as other items of evidence referenced in the documents provided. These include bodyworn camera footage, aerial surveillance footage, and electronic evidence including CSAM. Please contact the undersigned if you would like to review any of these items.

       2.     The government is unaware of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person known to the defendant to be a government agent that the government intends to use at trial.

            Although the attached statements were not made in response to interrogation by any person then known to the defendant to be a government agent, the government is disclosing them voluntarily.

       3.     No defendant testified before the Grand Jury.

       4.     The defendants' prior criminal records are enclosed with discovery.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to the discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.[1]

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, photo array or similar identification proceedings

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to

---

[1] Images and videos containing child sexual abuse materials will be made available for review upon request. Please contact the undersigned if you wish to arrange to view these materials.

2

introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence of the defendant's past criminal activity that has resulted in arrests and/or convictions which are summarized in the attached documents. Specifically, the government may introduce evidence that between December 21, 2012 and January 5, 2013, the defendant enticed a minor via cell phone communications to engage in criminal sexual activity, and in or around December 2012, the defendant engaged in unlawful sexual activity with a minor. In addition to the attached, see also public records pertaining to Manatee County case no. 2013CF001129 and Sarasota County case no. 2013CF001300.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered

additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Discovery, numbered USA000001 through USA000471 (labeled CONFIDENTIAL), as well as an audio recording labeled USA000472, will be sent to counsel of record via USAfx.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ Corey R. O'Neal
Corey R. O'Neal
Assistant United States Attorney
Court ID No. A5503031
500 E. Broward Boulevard Suite 700
Fort Lauderdale, Florida 33394
Telephone: 954-660-5996
Email: Corey.O'Neal@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2026, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Corey R. O'Neal*
Corey R. O'Neal
Assistant United States Attorney