UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-60168-DAMIAN

UNITED STATES OF AMERICA

vs.

DANIEL LOZANO,

Defendant.

_____/

FILED BY_____D.C.

AUG 12 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

DANIEL LOZANO (hereinafter referred to as the "defendant") enter into the following agreement:

1.      *Guilty Plea.* The defendant agrees to plead guilty to Counts 1 and 2 of the

Information. Count 1 charges the defendant with coercion and enticement of a minor to engage in

criminal sexual activity, in violation of Title 18, United States Code, Section 2422(b). Count 2

charges the defendant with distribution of visual depictions involving the sexual exploitation of

minors, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(2).

2.      *Elements of the Offenses.* The elements of Count 1 are: (1) the defendant knowingly

persuaded, induced, enticed, or coerced the victim to engage in sexual activity, as charged; (2) the

defendant used a computer to do so; (3) when the defendant did these acts, the victim was less than

18 years old; and (4) one or more of the individuals engaging in sexual activity could have been

charged with a criminal offense under the laws of Florida.  *See* Eleventh Circuit Pattern Jury

Instruction O92.2, Coercion and Enticement of a Minor to Engage in Sexual Activity, 18 U.S.C. §

2422(b). The elements of Count 2 are: (1) the defendant knowingly distributed a visual depiction;

(2) the depiction was shipped or transported in interstate or foreign commerce by any means

including a computer; (3) producing the visual depiction involved using a minor engaged in sexually explicit conduct; (4) the depiction is of a minor engaged in sexually explicit conduct; and (5) the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct. *See* Eleventh Circuit Pattern Jury Instruction O83.2, Receiving and Distributing Materials Involving Sexual Exploitation of Minors, 18 U.S.C. § 2252(a)(2).

3.　　*Sentencing Guidelines.* The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses

identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentences imposed.

4.     *Penalties* The defendant also understands and acknowledges that, the following penalties apply:

a.     *Imprisonment. A*s to Count 1, the Court must impose a minimum of ten (10) years' imprisonment and may impose a statutory maximum term of imprisonment of up to Life imprisonment. As to Count 2, the Court must impose a minimum of five (5) years' imprisonment and may impose a statutory maximum term of imprisonment of up to twenty (20) years imprisonment.. These sentences of imprisonment may be run consecutively, for a total sentence of Life plus 20 years' imprisonment.

b.     *Supervised Release.* As to each of Counts 1 and 2, pursuant to 18 U.S.C. § 3583(k), following any term of imprisonment, the Court must impose a minimum term of supervised release of five (5) years and may impose a term of supervised release up to the statutory maximum term of life.

c.     *Fines.* In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to each Count.

d.     *Restitution.*   Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the Defendant agrees to make full restitution to all victims of his offenses as to all counts charged in the Indictment, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.   Further, the Defendant agrees to pay restitution to any of his victims, for the entire scope of his criminal conduct, including but not limited to all matters included as

relevant conduct.   The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense.

    e.    Once the victim's losses are calculated, pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses, but not less than $3,000 per victim. The Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

    f.    *Special Assessments.*   In addition, the Defendant also understands and acknowledges that, pursuant to Title 18, United States Code, Section 3013, a special assessment of $100 will be imposed on the Defendant as to each count of conviction.   Further, pursuant to Title 18, United States Code, Section 3014, the Defendant is required to pay an additional special assessment in the amount of $5,000. The Defendant may also be required to pay a special assessment of not more than $35,000 as a result of his conviction as to Count 2, pursuant to Title 18, United States Code, Section 2259A.   If the Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay.

5.    *Information Provided to USPO.* This Office reserves the right to inform the Court

4

and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. *Government Recommendation.* This Office agreed that it will recommend a sentence at the low end of the advisory sentencing guidelines.

7. *Early Acceptance of Responsibility and Recommendation.* This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and recommendations herein if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to

committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      *Victim Impact Statement.*   The Defendant agrees that the victim in this case have the legal right to be reasonably heard at any public proceeding The Defendant agrees not to object to the victim's right to be heard at any such proceeding.

9.      *Sentence will be determined by the Court.*   The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The Defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in this agreement, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

10.      *Departure or Variance from the Sentencing Guidelines.*   The Defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines.   The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines,

but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the Defendant may *__not__* withdraw the guilty plea solely as a result of the sentence imposed.

11.   *Forfeiture.*   The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any visual depiction of a minor engaged in sexually explicit conduct, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in the commission of the offenses, in violation of 18 U.S.C. §§ 2251 and 2252; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or promote the commission of such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(2) and the provisions of 21 U.S.C. § 853. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

12.   *General Waivers regarding Forfeiture.*   The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings; the requirements of Fed. R. Crim. P.

32.2 and 43(a); and any appeal of the forfeiture.

13.     *Sex Offender Registration.* The Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his/her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in Florida, following release from prison, the Defendant will be subject to the registration requirements of § 943.0435, Florida Statutes. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

14.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirementp to update the Defendant's registration information.   The Defendant shall provide proof of registration to the Probation

Officer within 72 hours of release from imprisonment.

15.     *Waiver of Appeal.* The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

16.     The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

17.     By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.   The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to

appeal his conviction in the manner described above was knowing and voluntary.

18.     *Scope of the Agreement.*   This agreement binds the Defendant and this Office and is pertinent to this case only. The Defendant understands that this agreement does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

19.     *Entire Agreement.* This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 08/12/2026          By: _____
                              COREY R. O'NEAL
                              ASSISTANT UNITED STATES ATTORNEY

Date: August 12, 2026     By: _____
                              ROBERT MALOVE
                              ATTORNEY FOR DEFENDANT

Date: 08-12-2026          By: _____
                              DANIEL LOZANO
                              DEFENDANT

10